(42 Misc. Rep. 319.)

DINGER v. CITY OF NEW YORK (two cases).

(Supreme Court, Special Term, Queens County.   December, 1903.)

1. SUBTERRANEAN WATERS—DIVERSION—DAMAGES.

Where a city, by the use of a pumping system, closely adjacent to the farm of plaintiff, has lowered the water level of his lands for many years and dried up the soil, thereby diminishing the productive capacity of the farm, the owner is entitled to recover damages on proof of the extent of his business which has been interrupted, though a satisfactory result is difficult to obtain from the evidence.

86 N.Y.S.—37

Actions by August Dinger and Frederick Dinger against the city of New York to restrain the operation of its driven wells and pumping stations and for damages. Judgments for plaintiffs.

Chas. Coleman Miller, for plaintiffs.

George L. Rives, Corp. Counsel (George E. Blackwell, of counsel), for defendant.

SMITH, J. In the case of Reisert v. City of New York, 174 N. Y. 196, 66 N. E. 731, the Court of Appeals undertake to lay down a proper and workable rule of damages for the guidance of the trial courts in these cases. From a careful examination of the opinions written in that case I deduce the following result:

First. That loss of profits as such cannot be recovered as damages.

Second. A plaintiff is not to be deprived of damages sustained because direct proof of the rental value of the property affected before and after the trespass is not given.

Third. A plaintiff is entitled to damages for the diminution of the productive value of the property occasioned by the trespass, and upon evidence showing the nature, character, and extent of the business of cultivating the property interrupted or diminished by the trespass plaintiff is entitled to have an assessment of damages, even if, upon the evidence, it is very difficult to reach a satisfactory result.

In these cases the property in question is located but a short distance from the Spring Creek pumping station, and it is not disputed that the water level on the land has for many years been very greatly, and almost continuously, lowered. In my opinion, the evidence shows that the productive capacity and value of the land has been substantially diminished by the lowering of the water level. Without discussing the value of the theories advanced by the scientific agricultural witnesses upon the trial, I find the fact to be that the soil had become adapted and habituated to its peculiar environment, and when the conditions were radically changed the effect was to lower its vitality, and to diminish its ability to respond to cultivation for crops to which, under natural conditions, it was most favorably adapted. I heartily concur with the intimation of the Court of Appeals that in these cases the effort to determine the amount of damages to be awarded is ofttimes a mere approximation, but I have made the best estimate I can from all the evidence offered, based upon the principles laid down by the Court of Appeals in the Reisert Case, and I decide that the plaintiff August Dinger has suffered for the past 12 years damages in the sum of $6,000, and the plaintiff Frederick Dinger has suffered for the past 12 years damages in the sum of $2,500, and that the plaintiff in each case is entitled to judgment for the injunctive relief demanded in his complaint, as well as for the sums of money mentioned for damages sustained; and judgment is directed accordingly, with costs in each case.

Judgment accordingly.